## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| JEREMIAH POOLE,<br><br>      Plaintiff,<br><br>v.<br><br>HIRERIGHT, LLC,<br><br>      Defendant. | Case No.:    3:25-cv-13072-MGL<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**FCRA, 15 U.S.C. § 1681** *et seq.* |

### COMPLAINT

Plaintiff JEREMIAH POOLE ("Plaintiff") brings this action on an individual basis, seeking statutory and other damages against Defendant HIRERIGHT, LLC ("HireRight") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3. To that end, the FCRA imposes the following twin duties on consumer reporting agencies: (i) consumer reporting agencies must devise and implement reasonable procedures to

ensure the "maximum possible accuracy" of information contained in consumer reports; and (ii) consumer reporting agencies must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

4. The FCRA provides consumers with a private right of action against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

5. Defendant has produced and sold consumer reports concerning Plaintiff's background that falsely and misleadingly reported inaccurate convictions on Plaintiff's consumer report.

6. As a result of HireRight's wrongful conduct, Plaintiff was damaged by, without limitation, loss of employment, suffering harm to his employment qualifications, loss of income, and considerable stress and anguish.

## PARTIES

7. Plaintiff is a natural person and resident of Richland County in the State of South Carolina and qualifies as a "consumer" as defined and protected by the FCRA.

8. Defendant HireRight, LLC is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. Defendant HireRight is registered to do business in the State of Delaware, maintains its principal place of business at 14002 East 21st Street, Suite 1200, Tulsa, Oklahoma 74134, regularly conducts business in this District, and can be served with process by way of its

registered agent, Legal Inc Corporate Services, Inc., 624 South Denver Avenue, Suite 300A, Tulsa OK, 74119.

## JURISDICTION AND VENUE

9.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of South Carolina and violated Plaintiff's rights under the FCRA in the State of South Carolina as alleged more fully below.

10. Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conducts regular business in this District, and communications giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

11. On or around June 5, 2024, Plaintiff applied for employment as a Retail Sales Specialist with Charter Communications Operating, LLC ("Charter").

12. Around that time, Charter contracted with Defendant HireRight to purchase a consumer background report on Plaintiff to assess Plaintiff's employability.

13. On or about July 3, 2024, Defendant HireRight provided Charter with a consumer background report on Plaintiff.

14. To Plaintiff's shock, on or about July 11, 2024, Charter informed Plaintiff that Plaintiff was being denied employment due to the results of the background check provided by Defendant.

15. When Plaintiff reviewed the consumer report prepared by Defendant, Plaintiff was horrified to see that Defendant had erroneously reported Case Number 2019A4010204646 out of Richland County, South Carolina as two separate criminal charges, thereby creating the false

3

impression that Plaintiff had been involved in multiple criminal proceedings when only one existed.

16. The first entry referencing Case Number 2019A4010204646 inaccurately reports that Plaintiff was convicted of a felony marijuana possession, when in fact the charge was a misdemeanor that was ultimately dismissed in its entirety.

17. The second entry referring to Case Number 2019A4010204646 inaccurately reports the offense as a felony charge for "Distribute Schedule I(B)(C)."

18. In truth, Plaintiff was never convicted of any offense in Case 2019SA4010204646.

19. Because Plaintiff had no prior criminal record or drug-related charges, he was eligible for a conditional discharge under South Carolina Law. Upon successful completion of the program, the charge was discharged and dismissed in its entirety.

20. Defendant's reporting is patently inaccurate and/or misleading because it (a) erroneously duplicates a single case to appear as two; (b) falsely reported a misdemeanor charge that was discharged and dismissed charge as a conviction; and (c) falsely represented the existence, nature, and severity of the alleged offense.

21. By reporting incorrect and outdated information about Plaintiff's criminal history, Defendant created the false impression that Plaintiff had multiple convictions and a more serious criminal record than is accurate, thereby causing Plaintiff to suffer adverse employment consequences.

22. The CFPB recently issued guidance affirming that "consumer reporting agencies must comply with their FCRA obligation to 'follow reasonable procedures to assure maximum possible accuracy' under section 607(b). In particular, a consumer reporting agency that reports public record information is **not** using reasonable procedures to assure maximum possible

accuracy if it does not have reasonable procedures in place to ensure that… it includes any existing disposition information if it reports arrests, criminal charges, eviction proceedings, or other court filings." CFPB, *Advisory Opinion on Fair Credit Reporting; Background Screening*, **89 Fed. Reg. 4171** (Jan. 23, 2024) (*FCRA Background Screening AO*).

23.     Moreover, "[a] violation is willful when it is inconsistent with 'authoritative guidance' from a relevant agency. As with any guidance issued by the CFPB on the FCRA… consumer reporting agencies risk liability… if they violate the FCRA in a manner described in this advisory opinion, regardless of whether the consumer reporting agencies were previously liable for willful violations prior to its issuance." *Id.*

24.     Nonetheless, Defendant associated this inaccurate conviction information with Plaintiff and transmitted it to his prospective employer, and he was denied employment.

25.     Because of the inaccurate information provided to Charter by Defendant, Plaintiff was denied employment.

26.     As a direct result of Defendant's inaccurate reporting, Plaintiff lost out on income.

27.     Additionally, Plaintiff has suffered emotional distress and frustration, including humiliation, financial instability, and the feeling that he has been falsely portrayed as a perpetrator of crimes for which, as a matter of law, he has not been convicted and the charges were ultimately dismissed.

28.     It is patently inaccurate and/or materially misleading to report an inaccurate conviction on Plaintiff's consumer background report when the case was dismissed and discharged.

29. Upon information and belief, had Defendant not erroneously and inaccurately reported Plaintiff's criminal record on Plaintiff's background report, Plaintiff would not have been denied employment with Charter.

30. Upon information and belief, Defendant fails to maintain and employ reasonable procedures to assure maximum possible accuracy of the consumer information it provides to employers.

31. Upon information and belief, Defendant knowingly and willfully maintains deficient procedures because reporting more information is more profitable than reporting less and potentially leaving information off of a consumer report.

32. For example, upon information and belief, Defendant allowed inaccurate convictions to appear on Plaintiff's consumer report without first confirming the accuracy with the actual court records, which are readily and publicly available.

33. Defendant regularly seeks out and procures criminal case information with the intention of including it in the consumer reports it sells for profit.

34. Defendant knows or has reason to know the effect of a consumer's criminal record on the assessment of their employability.

35. Instead of employing reasonable procedures as required by the FCRA, Defendant blindly collects information from unreliable third-party vendors to repackage and sell in its own employment screening products.

36. Alternatively, upon information and belief, Defendant buys consumer information from third-party vendors that do not have reasonable procedures in place to ensure that the information they sell is of maximum possible accuracy.

37. Defendant, a sophisticated employment screening consumer reporting agency, is aware that criminal information is often inaccurate or incomplete.

38. Upon information and belief, Defendant purchased Plaintiff's information from one or more third-party vendors that merely compile criminal data from various online sources without verifying its accuracy with actual court records.

39. Upon information and belief, none of Defendant's third-party vendors warrant the accuracy of the information they sell.

40. Upon information and belief, Defendant does not exercise due diligence in ensuring it is contracting with and/or utilizing reliable third-party vendors.

41. Upon information and belief, Defendant does not conduct periodic quality assurance audits to ensure that it is receiving reliable consumer information from its third-party vendors.

42. Upon information and belief, Defendant has been sued by consumers under the FCRA in the past for erroneously reporting inaccurate criminal records.

43. Therefore, Defendant has notice that its procedures often result in the preparation of inaccurate consumer reports and dissemination of inaccurate consumer information.

44. Upon information and belief, Defendant knew that the furnisher or third-party vendor provides inaccurate consumer data with some regularity.

45. Upon information and belief, Defendant blindly relied on the information provided by the furnisher or third-party vendor despite having reason to know it may be unreliable.

46. Upon information and belief, Defendant does not maintain reasonable procedures to assure it reports consumer information with maximum possible accuracy because it would be

more expensive to independently verify the accuracy of the information it includes in its consumer reports.

47. It is wholly unreasonable for Defendant to maintain procedures that it knows often lead to inaccurate consumer reporting with grave consequences.

48. Despite knowing that its procedures are unreasonable, Defendant recklessly, knowingly, and/or negligently fails to employ procedures that assure that maximum possible accuracy of consumer information compiled and published in its consumer reports.

49. Upon information and belief, Defendant does not independently investigate the information it procures from third-party vendors before including it in consumers' background reports.

50. Instead, Defendant has unreasonably decided that it is entitled to rely completely on third-party vendors to ensure the information included in its consumer reports is accurate.

51. The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to prevent.

52. Defendant knows that its services are used to make significant consumer decisions.

53. Upon information and belief, Defendant knew or should have known that employers make employment decisions on employment status based solely on the information contained in its consumer reports.

54. Upon information and belief, Defendant knew or should have known the negative impact that reporting a consumer's inaccurate criminal record was likely to have on that consumer's employment status.

55. Upon information and belief, Defendant purchases public record information from third-party vendors.

56. Upon information and belief, those third-party vendors explicitly disclaim the accuracy of the information they provide to Defendant.

57. Upon information and belief, Defendant reports and publishes the information provided by the third-party vendors without verifying its accuracy.

58. Upon information and belief, Defendant knows or has reason to know that the third-party vendors it procures consumers' information from often provides inaccurate, misleading, and incomplete records.

59. Upon information and belief, Defendant reports and publishes unverified public records information without employing reasonable procedures to assure its accuracy because employing such procedures would cut into its profits.

60. At common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

61. As a direct result of Defendant's conduct, Plaintiff was denied employment with Charter.

62. As a direct result of Defendant's conduct, Plaintiff lost out on income from Charter.

63. As a further direct result of Defendant's conduct, Plaintiff suffered mental distress, including humiliation, embarrassment, emotional harm, and frustration.

64. As a direct result of Defendant's inaccurate and/or misleading reporting, Plaintiff has suffered actual damages including, but not limited to: job denial, loss of income, wasted time, financial insecurity, and emotional distress, including but not limited to, humiliation, embarrassment, stress, and frustration.

65. Defendant's violations of the FCRA were willful. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

66. Alternatively, Defendant's violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

67. In any event, Defendant is liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT I
## Violation of the FCRA, 15 U.S.C. § 1681e(b)

68. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

69. The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure **maximum possible accuracy** of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b) (emphasis added).

70. HireRight violated § 1681e(b) because it failed to follow reasonable procedures to ensure the maximum possible accuracy of the information it attributed to Plaintiff in its consumer reports.

71. Specifically, HireRight willfully, intentionally, recklessly, and/or negligently violated § 1681e(b) by inaccurately and/or misleadingly reporting Plaintiff's criminal record to include (a) duplicates of single case to appear as two; (b) a dismissed misdemeanor charge as a felony conviction; and (c) falsely representing the existence, nature, and severity of the alleged offense.

72. HireRight's misconduct was a direct and proximate cause of Plaintiff's injuries, as alleged herein.

73. HireRight is therefore liable to Plaintiff for its willful and/or negligent failures to follow reasonable policies and procedures.

74. As a result of HireRight's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

i. Awarding Plaintiff statutory money damages, actual damages and punitive damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

ii. Awarding attorneys' fees and costs as required by 15 U.S.C. §§ 1681n and/or 1681o, and other relief; and

iii. Awarding any other such relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: October 21, 2025

/s/ Spencer Andrew Syrett
Spencer Andrew Syrett, Esq.
Federal Bar ID # 4408
SC Bar ID # 5459
712 Richland Street, Suite E
Columbia, SC 29201
Tel: (803) 765-2110
Email: syrettlaw@sc.rr.com
*Counsel for Plaintiff*